BEATTY, Retired Justice.
D.R.R. appeals from the trial court’s dismissal of his complaint seeking to have the paternity aspect of a divorce judgment set aside. We reverse and remand.
D.R.R. and his former wife, R.G., were divorced in 1987. The divorce judgment awarded custody of “the minor child of this marriage,” who was then seven years old, to the wife. The judgment established a visitation schedule for the husband and ordered him to pay child support of $25 per week, to maintain health insurance for the child, and to provide $25,000 in life insurance for the benefit of the child. Nine years later, the husband filed a “Petition to Consider Setting-Aside Judgment and Order Blood Tests.” He claimed that the wife had indicated on “numerous occasions” that he was not the biological father of the child, and he argued that § 26-17A-1, Ala.Code 1975, permitted the court to reopen the case. Section 26-17A-l(a) provides:
“Upon petition of the defendant in a paternity proceeding where the defendant has been declared the legal father, the case shall be reopened if there is scientific evidence presented by the defendant that he is not the father.”
In response, the wife admitted that the husband was not the child’s biological father and agreed to blood testing. No guardian ad litem was appointed for the child, who is now 17 years old.
The Department of Human Resources (“DHR”) sought to intervene in the case and filed a motion to dismiss. The wife receives child support services from DHR and previously had assigned her support rights to DHR. The trial court allowed DHR to intervene. In the meantime, the blood tests were conducted; they revealed that the husband is not the child’s biological father. The husband submitted a copy of a “DNA Parentage Test” that indicates 0.0% probability of paternity. After hearing arguments in the case and reviewing the briefs and exhibits submitted, the trial court dismissed the husband’s complaint. The court held that § 26-17A-1 is not applicable to a case in which paternity was established during the course of a divorce proceeding. After his post-judgment motion was denied, the husband appealed.
The husband argues that § 26-17A-1 is applicable to a divorce case. This court recently decided a similar question in State of Alabama ex rel. G.M.F. v. W.F.F., [Ms. 2950647, December 6, 1996] — So.2d(Ala.Civ.App.1996), wherein the majority concluded that § 26-17A-1 can be used to reopen a case in which a divorce judgment adjudicated paternity. Therefore, the judgment dismissing D.R.R.’s complaint is due to be, and it is hereby, reversed on the authority of G.M.F., and the cause is remanded to the trial court for further proceedings consistent with this opinion and the court’s opinion in G.M.F.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
YATES, MONROE, and THOMPSON, JJ., concur.
*699 ROBERTSON, P.J., concurs specially.
CRAWLEY, J., dissents.